UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Jason L. Smith,

            Plaintiff,

vs.                        REPORT AND RECOMMENDATION

Robert McGuinness, and
Branford County, Pennsylvania,

            Defendants.       Civ. No. 08-4780 (JRT/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction.

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Jason L. Smith for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2.

For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that the action be summarily dismissed for failure to state a cause of action upon which relief can be granted.

II. Factual Background.

The Plaintiff commenced this action by filing a two (2) page, self-styled Complaint. He is attempting to sue two (2) Defendants: the County of Bradford, Pennsylvania,[1] and a Bradford County Commissioner named Robert McGuinness.

The Plaintiff's Complaint refers to three (3) brief Orders, which were entered in June of 2008, in the Court of Commons Pleas for Bradford County, Pennsylvania. See, Complaint, Docket No. 1, Exhibits A-C. All three (3) Orders pertain to an action in which the Plaintiff is identified as "Petitioner," and Misty L. Smith is identified as "Respondent." Jason and Misty Smith apparently are the parents of a minor child, referred to herein as "S.S."

The first of the three (3) Orders entered by the Bradford County Court, which is dated June 6, 2008, directed that a "bench warrant" be issued for Misty Smith, and that custody of S.S. be "transferred" to the Plaintiff. See, Complaint, supra, Exhibit A. The second Order, which is dated June 13, 2008, directed the Bradford County Sheriff's Office "to accompany Jason L. Smith to where the child [S.S.] may be being

---

[1] Several documents attached to the Plaintiff's Complaint plainly demonstrate that the correct spelling is "Bradford County," rather than "Branford County," as it erroneously appears in the caption of the Plaintiff's pleading. We have retained the incorrect spelling in the caption of our Report and Recommendation, but the correct spelling -- Bradford County -- will be used hereafter.

held for the purpose of facilitating him gain custody [sic] of said child as set forth in the June 6, 2008 order." Id., Exhibit B. The third Order, which is dated June 20, 2008, was entered, after a Hearing, at which Misty Smith appeared, but the Plaintiff did not appear. This Order indicates that the Bench Warrant, which was previously issued for Misty Smith, "is hereby vacated," but it says nothing at all about S.S. Id., Exhibit C.

The Plaintiff alleges that, after he obtained custody of S.S., he brought her to Minnesota, where they now reside. Id. at p. 2, ¶7(b). The Plaintiff further alleges that the Hearing, which was held in Bradford County on June 20, 2008, was held "ex parte," and that the Order, which was entered at the conclusion of that Hearing, effectively deprived him of his custody rights to S.S. Id., at p. 2 ¶7(c).[2]

The Plaintiff now seeks to sue the named Defendants, under Title 42 U.S.C. §1983, for an alleged violation of his constitutional right to Due Process. The Plaintiff appears to claim that he was denied Due Process because the Bradford County Court entered an Order, in the Plaintiff's absence, which allegedly deprived him of his right to retain custody over S.S. The Plaintiff seeks a Judgment that would: (1) declare that

---

[2]As previously noted, the Order of June 20, 2008, makes no mention of S.S., and the Complaint does not explain how or why that Order purportedly affected the Plaintiff's alleged custody rights.

his constitutional rights have been violated; and (2) direct the named Defendants "to refrain or defer action pertaining to the order issued in ex parte on June 20, 2008." Id., at ¶¶11-12.

### III. Discussion.

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief can be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).

To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle the complainant to some legal redress against the named defendants, based on a settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980), citing Nickens v. White, 536 F.2d 802, 803 (8th Cir. 1976), and Ellingburg v. King, 490 F.2d 1270 (8th Cir. 1974).

In order to state an actionable claim for relief under Title 42 U.S.C. §1983, as the Plaintiff seeks to do here, a Complaint must include facts showing that the named defendants allegedly violated the complainant's Federal constitutional rights, while

acting under color of State law. See, <u>Hart v. City of Little Rock</u>, 432 F.3d 801, 804 (8th Cir. 2006), cert. denied, 547 U.S. 1207 (2006)(to state an actionable Section 1983 civil rights claim, a plaintiff must show "'(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right[.]'"), quoting <u>Kuha v. City of Minnetonka</u>, 365 F.3d 590, 606 (8th Cir. 2003), overruled on other grounds, <u>Szabla v. City of Brooklyn Park</u>, 486 F.3d 385 (8th Cir. 2007), quoting, in turn, <u>Shrum v. Kluck</u>, 249 F.3d 773, 777 (8th Cir. 2001); see also, <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)(to state a cause of action under Title 42 U.S.C. §1983, the plaintiff must allege facts showing that the named defendants violated his constitutional rights while acting under color of State law). A Section 1983 complaint must describe what, specifically, each named defendant allegedly did, or failed to do, and how each defendant's acts or omissions allegedly violated the complainant's constitutional rights. See, <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999).

     Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's pleading fails to state an actionable Section 1983 claim, because there are no allegations suggesting that either of the two (2) named Defendants has engaged in any conduct which violated, or threatened to violate, the Plaintiff's constitutional

rights.

The Plaintiff claims that his constitutional right to Due Process was violated because the Bradford County Court allegedly conducted a Hearing, and entered an Order which, the Plaintiff asserts, affected his custody rights, without giving him proper notice.  However, nothing in the Complaint suggests that either of the two (2) named Defendants had any involvement in the Hearing, the Order, or the alleged failure to give proper notice.  To the contrary, it is plain that the Bradford County Court, itself, was solely responsible for the Hearing, the Order, and any alleged lack of notice.

The Plaintiff may believe that the two (2) named Defendants are somehow responsible for the acts and omissions of the Bradford County Court.  However, there are no facts, which are alleged in the Complaint, and would support that proposition.  Indeed, the Plaintiff has not identified any connection between the named Defendants, and the Court, whose actions precipitated this lawsuit.

As far as we can tell, the Bradford County Court is part of a Unified State Court System, which is governed by Pennsylvania **State law**.  See, Pennsylvania Consolidated Statutes Chapter 42, Section 911(a)(establishing Courts of Common Pleas); Robinson v. Court of Common Pleas of Philadelphia County, 827 F. Supp.

1210, 1215 (E.D.Pa. 1993)("[T]he plain meaning of the Pennsylvania Constitution is that courts are **state** entities.")[emphasis added], citing <u>County of Allegheny v. Commonwealth</u>, 534 A.2d 760, 765 (Pa. 1987); <u>Judges of Court of Common Pleas of Twenty-Seventh Judicial Dist. v. County of Washington</u>, 548 A.2d 1306, 1307 (Pa. Commonw. Ct. 1988)("Pursuant to Section 102 of the Judicial Code, 42 Pa.C.S. §102, courts and officers of the unified judicial system are within the definition of Commonwealth government."); <u>Brown v. Taylor</u>, 494 A.2d 29, 31 (Pa. Commonw. Ct. 1985)(concluding that a Judge of a Pennsylvania Court of Common Pleas, in his or her official capacity, "is either the 'Commonwealth government,' or an officer thereof."). We can find no reason to believe -- based upon the allegations in the Plaintiff's Complaint, or otherwise -- that either of the named Defendants has any authority, or control, over the Bradford County Court of Common Pleas. Again, there is nothing in the Complaint which suggests that either of the two (2) Defendants has had, or will have, any involvement in any of the events upon which the Plaintiff's current lawsuit is based.[3]

---

[3]The Plaintiff could not have sued the Court of Common Pleas itself, because the Court, as a State entity, is immune from suit in Federal Court under the Eleventh Amendment to the Constitution. See, <u>Pugh v. Alabama</u>, 438 U.S. 781, 782 (1978); <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66-67 (1989); <u>Egerdahl v.</u>
(continued...)

...

...

...

...

In sum, we find that the Plaintiff has failed to plead an actionable Section 1983 claim against either of the named Defendants, because his Complaint does not describe any acts, or failures to act, by the Defendants, which violated, or threatened to violate, his constitutional rights. Indeed, the Complaint does not describe any acts, or omissions of any kind, that are attributable to either of the named Defendants.[4]

---

[3](...continued)
Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). The Plaintiff also could not have sued the individual Judge, who entered the Order which gave rise to this lawsuit, because the Judge was acting in his judicial capacity, when he entered that Order, and therefore, is immune from any claims stemming from that Order, under the doctrine of judicial immunity. See, Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978).

[4] We further note that both of the named Defendants appear to be located in Pennsylvania, and the Plaintiff has not identified any grounds for our exercise of personal jurisdiction over the Defendants in this District. "Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice." Northrup King v. Compania Productora Semillas, 51 F.3d 1383, 1387 (8th Cir. 1995), citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). When a plaintiff sues a defendant who is not a resident of the forum State, he must demonstrate that the non-resident defendant has had sufficient contacts with the forum State such that the defendant "'should reasonably anticipate being haled into court there.'" Id. at 1387, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 297 (1980). When an IFP applicant's complaint does not include any allegations supporting personal jurisdiction, the court may properly conclude, sua sponte, that the action should be summarily dismissed. See, Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985); see also, Martin-Trigona v. Smith, 712 F.2d 1421, 1424 (D.C.Cir. 1983).

(continued...)

Since the Plaintiff has failed to plead a cause of action on which relief can be granted, we conclude that this case must be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii). In addition, we recommend that the Plaintiff's IFP application be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed in forma pauperis [Docket No. 2] be denied, as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

Dated: August 4, 2008         s/Raymond L. Erickson
                              Raymond L. Erickson
                              CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and

---

[4](...continued)
Here, the Plaintiff's Complaint does not identify any contact, or connection of any kind, between either of the named Defendants and the State of Minnesota. Thus, we find no proper basis for exercising personal jurisdiction over the Defendants, which provides a separate ground for recommending that the Plaintiff's Complaint be summarily dismissed.

D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 21, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 21, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.