UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JASON L. SMITH, | Civil No. 08-4780 (JRT/RLE) |
| Plaintiff, | |
| v. | |
| ROBERT MCGUINNESS AND BRADFORD COUNTY, PENNSYLVANIA, | **ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| Defendants. | |

---

Jason L. Smith, 109 First Street, Randall, MN 56475-2418, plaintiff *pro se*.

This case is a civil action arising under 42 U.S.C. § 1983, in which *pro se* plaintiff Jason L. Smith ("Smith") seeks declaratory and injunctive relief against defendants Robert McGuinness, Bradford County Commissioner, and Bradford County, Pennsylvania (collectively, "defendants").[1] Smith now files a motion to proceed *in forma pauperis* ("IFP"). The case is before the Court on Smith's objections to a Report and Recommendation issued by United States Magistrate Judge Raymond L. Erickson on August 4, 2008. The Magistrate Judge recommended that this Court summarily dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and therefore deny Smith's IFP application. The Court reviews the Magistrate Judge's recommendation to deny Smith's application to proceed IFP and dismiss the complaint *de novo*. *See* 28 U.S.C.

---

[1] On October 20, 2008, Smith filed an amended complaint with the Court, seeking to change the party names to "John Doe, Bradford County Commissioner & Bradford Co., PA et al." (Amended Complaint at 1.)

§ 636(b)(1)(C); D. Minn. LR 72.2(b). For the reasons below, the Court overrules Smith's objections and adopts the Report and Recommendation of the Magistrate Judge.

**BACKGROUND**

Smith filed a complaint against two defendants, Robert McGuinness, a Commissioner for Bradford County, Pennsylvania, and Bradford County, Pennsylvania. Smith's § 1983 claims stem from three orders issued by the Bradford County Court of Common Pleas. The three orders deal with a dispute about physical custody over minor S.S. between Smith, who is identified as the petitioner in the orders, and Misty L. Smith ("Misty"), who is identified as the respondent. The first order, dated June 6, 2008 (the "June 6 order"), grants a motion for a bench warrant for the arrest of Misty and transfers physical custody of S.S. to Smith "[p]ending further order of the court." (Complaint Ex. A.) The second order, dated June 13, 2008, directs the Bradford County Sheriff's office to accompany Smith "to where [S.S.] may be being held," so that Smith could assume physical custody over S.S. (*Id.* Ex. B.) The third order followed a hearing in Bradford County for which Smith was not present. That order, which is the subject of the current § 1983 claim, is dated June 20, 2008 (the "June 20 order") and vacates the June 6 bench warrant and reinstates a February 28, 2008 order. (*Id.* Ex. C.) The Court is not aware of, nor does Smith explain the substance of this February 28 order. Given Smith's allegation that the June 20 order "in effect[] denied custody rights to [Smith]," the Court assumes that the February 28 order restored an initial physical custody determination that was altered by the June 6 order.

Smith claims that he brought S.S. to Minnesota after obtaining physical custody of her in the June 6 order. Smith's complaint alleges that by issuing the June 20 order, "the County of Bradford, through the actions of its own representatives . . . deprive[d] [Smith] of his civil rights under the color of state law." (Complaint at 2.) That is, Smith claims that holding a hearing in Bradford County without Smith "violated [Smith's] rights and constituted a [due process] violation under the Fifth Amendment to the U.S. Constitution." (*Id.*) Smith's claims under § 1983 seek declaratory and injunctive relief stating that defendants violated Smith's constitutional rights and requiring that "defendants . . . refrain or defer action pertaining to" the June 20 order. (*Id.*)

On July 28, 2008, Smith filed a motion in this Court for leave to proceed *in forma pauperis*. In considering the IFP application, the Magistrate Judge concluded that Smith did not properly state a § 1983 claim because Smith's complaint failed to "describe any acts, or failures to act, by the Defendants, which violated or threatened to violate, [Smith's] constitutional rights." (Report and Recommendation at 8.). As a result, the Magistrate Judge recommended summarily dismissing Smith's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and denying Smith's IFP application. (*Id.* at 9.) Smith now objects to those recommendations.

**DISCUSSION**

**I.   STANDARD OF REVIEW**

An IFP application will be denied, and "the court shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which

relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957); *see also Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when considering a dismissal of the case for failure to state a claim. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Horsey v. Asher,* 741 F.2d 209, 211 n.3 (8th Cir. 1984). A *pro se* complaint, however, must contain specific facts to support its conclusions. *Kaylor v. Fields,* 661 F.2d 1177, 1183 (8th Cir. 1981).

## II.  ANALYSIS

Smith brings this action under 42 U.S.C. § 1983, alleging that defendants violated Smith's due process rights by holding "a hearing in *ex parte* to [Smith] which in effected [sic] denied custody rights to [Smith]." (Complaint at 2.) To properly state a claim under § 1983, a complaint must allege facts that, if true, establish "(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." *Kuha v. City of Minnetonka*, 365 F.3d 590, 606 (8th Cir. 2003) (quoting *Shrum v. Kluck*, 249 F.3d 773, 777 (8th Cir. 2001)) (internal quotation marks omitted). "Liability under [§] 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). That is, Smith

must plead facts showing each defendant's personal involvement in the alleged constitutional violation. *Ellis v. Norris,* 179 F.3d 1078, 1079 (8th Cir. 1999); *see also Smith v. Hennepin Cty. Attorneys, et al.*, Civil No. 06-5120, 2007 WL 2572013, at *2 (D. Minn. Aug. 30, 2007).

Smith claims that the June 20 order violated Smith's constitutional due process rights by altering his custodial rights over S.S., even though Smith was not present for the hearing leading to the June 20 order. Smith's complaint fails to show a connection, however, between the June 20 order issued by the Bradford County Court of Common Pleas and any act or omission by McGuinness or Bradford County. That is, even under the most liberal of constructions, Smith's complaint does not allege facts that defendants had any control over or responsibility for the Bradford County Court's alleged constitutional violations.

Smith's proposed variation on the complaint also fails to establish a § 1983 claim as a matter of law. Smith submitted an amended complaint, filed on October 20, 2008, in which Smith changes the caption in the litigation from "Robert McGuinness, Bradford County Commissioner" to "John Doe, Bradford County Commissioner." (Amended Complaint at 1.) This change does not remedy the original complaint's legal insufficiency, however, because Smith does not allege new facts showing that *any* Bradford County commissioner is responsible for the alleged due process violations.[2]

---

[2] Notably, Smith could not bring a § 1983 claim for injunctive relief against the Bradford County Court of Common Pleas; that Court is a state entity and is immune from suits at law and equity under the Eleventh Amendment to the U.S. Constitution. *See Cory v. White*, 457 U.S. 85, 90–91 (1982).

Smith raises three objections to the Report and Recommendation, but those contentions do not call for a different result in the case. First, Smith objects to the Magistrate Judge's conclusion that the complaint failed to state a claim on which relief may be granted. Smith quotes two cases discussing due process to support his objections. Smith first notes that the Due Process Clause "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). Smith also claims that "[b]ecause '[d]ue process of law . . . precludes defining,' there are no precise standards for determining what governmental actions are proscribed by substantive due process." *Fitzgerald v. Williamson*, 787 F.2d 403, 408 (8th Cir. 1986) (quoting *Rochin v. California*, 342 U.S. 165, 173 (1952)). Although both of these statements are accurate, neither confronts the core rationale for dismissing Smith's complaint. There may be a wide range of acts or omissions for which a defendant, acting under color of law, could be liable under § 1983. Smith, however, has not alleged facts that defendants were responsible for *any* such actions.

Smith next objects to the Report and Recommendation on the grounds that this Court has both federal subject matter jurisdiction over the case and personal jurisdiction over defendants. As explained above, however, Smith's complaint fails to state a § 1983 claim on which relief may be granted. Consequently, it is unnecessary to consider whether jurisdiction is appropriate in this case.

Finally, Smith objects "to the notion that a government officer can not be held liable for their actions." (Docket No. 4.) To support this objection, Smith cites and

provides an excerpt from 28 U.S.C. § 1442.  Smith appears to misunderstand the purpose of this statute: the provision permits *federal*, not state, officers to *remove* a case from a state court to a federal district court.  But, the Court understands Smith's objection to be confronting an alleged assertion in the Report and Recommendation that government officers may not be liable for acts or omissions made under color of law.  As noted above, however, a government officer *can* be liable for actions that violate a citizen's constitutional rights.  Smith simply has not alleged an adequate basis for such a claim.

The Court notes that it may also abstain from exercising jurisdiction over this matter under the principles announced in *Younger v. Harris*, 401 U.S. 37 (1971).  "*Younger* abstention is appropriate when (1) the federal action would disrupt an ongoing state judicial proceeding (2) which implicates important state interests and (3) which provides an adequate opportunity to raise constitutional challenges." *Cormack v. Settle-Beshears,* 474 F.3d 528, 532 (8th Cir. 2007).  Here, the Court could find that the child custody proceedings at issue in this case are ongoing; the child custody proceedings implicate important state interests in adjudicating the parental custodial rights over minors; and the proceedings would provide an adequate opportunity for Smith to raise federal due process challenges, as state courts may review constitutional claims.  The June 20 order supports this reasoning: "Either party may ask for further hearing in this matter, particularly, Jason L. Smith, the petitioner, as it pertains to the aforesaid petition for certification of non-compliance of court order, and motion for bench warrant." (Complaint Ex. C.)  The Court need not reach this analysis, however, as Smith has plainly failed to properly state a claim.

The Court is mindful that a *pro se* pleading should be liberally construed, but Smith's claims fail as a matter of law even under this less stringent standard of review. Where Smith failed to state a viable claim in his complaint, the claim should be summarily dismissed and Smith's application for leave to proceed IFP should be denied. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff Jason L. Smith's objections [Docket No. 4] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 4, 2008 [Docket No. 3]. Accordingly, **IT IS HEREBY ORDERED** that:

1.  Smith's Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE.**

2.  Smith's application to proceed *in forma pauperis* is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  December 15, 2008                              ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                              United States District Judge